UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONALD SORENSON,

Petitioner,

v.

MARGARET GILBERT,

Respondent.

CASE NO. 3:16-cv-05227-BHS-JRC

ORDER LIFTING STAY AND DENYING APPOINTMENT OF COUNSEL

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner Ronald Sorenson filed the petition pursuant to 28 U.S.C. § 2254.

Petitioner has indicated the Washington courts have terminated review of his personal restraint petition ("PRP") and requests that the Court lift the stay on this proceeding. He also requests the appointment of counsel. Because the Washington courts have terminated review, the Court finds a lift of the stay is appropriate and petitioner's motion to lift the stay is granted.

ORDER LIFTING STAY AND DENYING
APPOINTMENT OF COUNSEL - 1

However, petitioner has not shown the exceptional circumstances necessary to warrant the appointment of counsel, and so his motion to appoint counsel is denied without prejudice.

**BACKGROUND**

Petitioner initially filed this habeas petition in March of 2016. Dkt. 1. However, shortly after the Court directed service of the habeas petition, Dkt. 5, petitioner filed a motion to stay the proceedings, Dkt. 9. He explained that he was still in the process of exhausting his PRP in the Washington state courts. *Id*. Because petitioner had not yet exhausted his state court remedies, and because respondent had not yet filed a response, the Court ordered the proceeding stayed on May 2, 2016. Dkt. 10. Petitioner has now filed a motion to lift the stay because the Washington Supreme Court has now declined review of his PRP. Dkt. 29. He has also filed a motion for the appointment of counsel. Dkt. 30.

**DISCUSSION**

**I.  Motion to Lift Stay**

The Court stayed this habeas proceeding on May 2, 2016, in order to allow petitioner time to exhaust his state court remedies. Dkt. 10. Petitioner has now filed a motion to lift the stay, stating that the Washington Supreme Court has now denied discretionary review of his PRP. Dkt. 29. As such, petitioner has now presented his PRP to the Washington courts and he may proceed with this habeas proceeding. Therefore, the stay on petitioner's habeas proceeding is lifted.

In addition, the Court entered the stay on this case before respondent had filed her response. Dkt. 10. Respondent properly did not file her response while the stay was in place. Therefore, the Court provides respondent until November 16, 2018 to file her response to petitioner's habeas petition.

## II. Motion for Appointment of Counsel

There is no constitutional right to appointment of counsel in habeas petitions because they are civil, not criminal, in nature. *See Terrovona v. Kincheloe*, 912 F.3d 1176, 1181 (9th Cir. 1990). The Court may request an attorney to represent indigent civil litigants under 28 U.S.C. § 1915(e)(1), but should do so only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). These factors must be viewed together before reaching a decision on a request for counsel under § 1915(e)(1). *Id.*

Here, appointment of counsel is not yet appropriate. Petitioner's case has been stayed since May 2, 2016. Dkt. 10. Because the Court stayed litigation before respondent filed a response or submitted the state court records, the Court cannot yet determine the likelihood of petitioner's success. Further, petitioner's habeas petition focuses on ineffective assistance of trial counsel, abuse of discretion by the trial court, insufficient evidence for conviction, and prosecutorial misconduct. *See* Dkt. 4. He has sufficiently articulated the factual and legal bases for his petition at this time and thus has not demonstrated the exceptional circumstances requiring appointment of an attorney. Therefore, the Court denies petitioner's motion for appointment of counsel (Dkt. 30) without prejudice. Petitioner may refile his motion for appointment of counsel when he is able to demonstrate the exceptional circumstances warranting the appointment of counsel.

## CONCLUSION

For the reasons stated above, plaintiff's motion to lift the stay (Dkt. 29) is granted. The stay on this case is lifted and respondent has until November 16, 2018 to file her response to petitioner's habeas petition. Petitioner's motion for appointment of counsel (Dkt. 30) is denied without prejudice.

Dated this 10th day of October, 2018.

J. Richard Creatura
United States Magistrate Judge