# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

RONALD SORENSON,

    Petitioner,

v.

MARGARET GILBERT,

    Respondent.

CASE NO. 3:16-cv-05227-BHS-JRC

ORDER FOR SUPPLEMENTAL BRIEFING

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner filed the petition pursuant to 28 U.S.C. § 2254.

Respondent has submitted an answer arguing that petitioner's habeas petition was filed outside the one year statute of limitations and so is now time barred. Petitioner argues that he is entitled to equitable tolling of the statute of limitations, and so the Court should consider petitioner's habeas petition on its merits. Because the Court cannot determine whether petitioner

is entitled to equitable tolling on the record before it, the Court directs the parties to submit supplemental briefing.

**BACKGROUND**

In March of 2016, petitioner filed this petition for a writ of habeas corpus. Dkt. 1. The Court stayed the case pending the outcome of petitioner's state personal restraint petition ("PRP"), which was pending in state court when petitioner filed his habeas petition. Dkt. 10. On October 10, 2018, after learning the Washington Supreme Court had terminated review of the PRP, the Court lifted the stay on this case and provided respondent with time to enter her answer. Dkt. 32.

In respondent's answer to petitioner's habeas petition, respondent argues that petitioner's habeas petition was filed outside the one year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Dkt. 33. Respondent also argues that petitioner is not entitled to statutory tolling for the time he spent exhausting his state court remedies because the Washington Court of Appeals found that his PRP was not filed in a timely manner. *Id*.

Petitioner filed a motion for extension to file his reply and filed his reply after his petition came ready for consideration. Dkt. 35. In petitioner's reply, petitioner argues that he should be entitled to equitable tolling of the statute of limitations because his counsel representing him for his PRP committed misconduct by filing the PRP late, an argument not addressed in respondent's answer. Dkt. 36.

**DISCUSSION**

Petitioner appears to argue that he is entitled to equitable tolling because his attorney filed his PRP late, thus precluding statutory tolling as to the federal statute of limitations and consequently forcing petitioner to file his habeas petition after the one year statute of limitations

had expired. *See* Dkt. 36. In some circumstances, an attorney's misconduct in representing a petitioner may be so egregious as to constitute extraordinary circumstances warranting equitable tolling. *See Spitsyn v. Moore*, 345 F.3d 796, 801-02 (9th Cir. 2003) (finding that an attorney's failure to file a timely habeas petition was so egregious that it warranted equitable tolling because counsel was retained almost a year before the petition was due, counsel had been paid to file the prisoner's habeas petition, the prisoner and his mother both urged counsel to file the petition, counsel never filed the petition in question, and counsel failed to provide the prisoner with access to his legal materials to file a pro se petition). However, the Ninth Circuit has also held that "the miscalculation of the limitations period by [counsel] and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling." *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001); *see also Miranda v. Castro*, 292 F.3d 1063, 1068 (9th Cir. 2002) (finding that counsel's erroneous advice regarding the due date of a petition did not constitute "extraordinary circumstances," and reiterating that "'miscalculation of the limitations period . . . and [counsel's] negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling'") (quoting *Frye*, 372 F.3d at 1146). Thus, equitable tolling based on an attorney's mishap is only available when "an attorney's failure to take necessary steps to protect his client's interests is so egregious and atypical that the court may deem equitable tolling appropriate." *Ford v. Hubbard*, 330 F.3d 1086, 2206 (9th Cir. 2003), *vacated on other grounds by Pliler v. Ford*, 542 U.S. 225 (2004). In contrast, "'a garden variety claim of excusable neglect,' such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Holland v. Florida*, 560 U.S. 631, 651-52 (2010) (internal citations omitted).

Here, petitioner argues that the reason his PRP was not filed in a timely manner, and thus the only reason he is not entitled to statutory tolling, was because the attorney representing him failed to file his PRP on time. Dkt. 36. Petitioner's counsel filed his PRP on September 15, 2015, but the Washington Court of Appeals found his PRP untimely. Dkt. 34-2, pp. 58-61. Petitioner has provided emails indicating that his attorney believed the PRP was due to be filed with the state courts by September 16, 2015. Dkt. 36, p. 6. The emails also indicate that petitioner was nervous his counsel would miss the deadline to file a PRP and was worried that his claims, including claims raised in a federal habeas petition, would be jeopardized through no fault of his own. *See*, *e.g.*, Dkt. 36, p. 11 (in an email to petitioner's mother: "ive read case law where the attorney failed to meet the time line and the client didnt show that he was diligent in notifying his council of the dead line so they timebared him and he had to do his whole sentence the washington courts will do this if we dont show we are telling our council about the approaching deadline") (spelling and grammatical errors in original); *id*. at p. 12 (indicating confusion as to whether the statute of limitations would be tolled for petitioner's habeas petition based on his PRP); *id*. at p. 16 (indicating that, as of September 26, 2015, petitioner was still not aware as to whether his PRP had been filed by counsel); *id*. at p. 17 (indicating concern that petitioner's counsel would not provide enough time after the conclusion of petitioner's PRP to timely file a habeas petition).

Indeed, in counsel's briefing to the Washington Court of Appeals on petitioner's PRP, petitioner's counsel argued that the one year statute of limitations to file a state collateral attack began to run on September 16, 2014, the day after the state superior court entered an order correcting a scrivener's error, rather than August 12, 2014 when the Washington Court of Appeals entered its mandate. Dkt. 34-4, pp. 82-83. The Washington Court of Appeals disagreed,

finding that petitioner had filed his PRP outside the one year statute of limitations because the statute of limitations began running when the Washington Court of Appeals' mandate was issued. *See* Dkt. 34-3, pp. 96-102. Thus, the statute of limitations had expired on August 12, 2015 – over a month before counsel filed petitioner's PRP. *Id*.

It is clear petitioner's attorney did not timely file petitioner's PRP and petitioner is therefore not entitled to statutory tolling. *See Pace v. DiGulielmo*, 544 U.S. 408, 410 (2005) ("When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)"). However, on the record before the Court, the Court cannot determine whether counsel's failure to timely file petitioner's PRP was "garden variety" negligence in that it was a miscalculation as to the date that the PRP was due, or whether petitioner's submitted evidence demonstrates that his counsel's actions constitute the "egregious" misconduct entitling petitioner to equitable tolling. The Court concludes additional briefing is necessary to determine whether petitioner is entitled to equitable tolling.

**DIRECTIONS TO THE PARTIES**

1) Petitioner's motion for extension (Dkt. 35) is granted. Petitioner's deadline to file his reply is retroactively extended to December 19, 2018, the Court will consider it when making a determination as to petitioner's habeas petition.

2) The parties are directed to file supplemental briefing addressing whether the failure of petitioner's counsel to timely file his PRP constituted "garden variety" negligence that does not entitle petitioner to equitable tolling, or constituted misconduct sufficiently "egregious" to entitle petitioner to equitable tolling.

3) Respondent should file her supplemental briefing on or before February 8, 2019.

4) Petitioner may file supplemental briefing in response to respondent's supplemental briefing on or before March 8, 2019.

5) The Clerk is directed to renote this petition for consideration beginning on March 8, 2019.

Dated this 10th day of January, 2019.

J. Richard Creatura
United States Magistrate Judge

ORDER FOR SUPPLEMENTAL BRIEFING - 6