UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONALD SORENSON,

                Petitioner,

v.

MARGARET GILBERT,

                Respondent.

CASE NO. C16-5227 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge, Dkt. 65, and Petitioner Ronald Sorenson's ("Sorenson") objections to the R&R, Dkt. 60.

On July 11, 2019, Judge Creatura issued the R&R recommending that the Court dismiss Sorenson's petition with prejudice as time-barred because Sorenson has failed to establish an entitlement to equitable tolling or that he is actually innocent. Dkt. 52. On January 3, 2020, Sorenson filed extensive objections. Dkt. 60. On February 18, 2020, the State responded. Dkt. 65.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or

ORDER - 1

modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In this case, Sorenson has objected to the R&R on multiple grounds, some of which are wholly irrelevant to the issues of a time-barred petition, equitable tolling, and actual innocence. First, Sorenson fails to contest the fact that his petition is time-barred. Therefore, the Court adopts the R&R on that issue. Dkt. 52 at 6–7.

Second, Judge Creatura concluded that Sorenson was not entitled to equitable tolling based on his attorney's failure to timely file a personal restraint petition in state court because the attorney was merely negligent in calculating the applicable time periods. Dkt. 52 at 7–10. Sorenson relies on *Spitsyn v. Moore*, 345 F.3d 796, 798 (9th Cir. 2003), as amended (Nov. 3, 2003), and his appellate counsel's alleged violation of *Strickland v. Washington*, 466 U.S. 668 (1984). Dkt. 60 at 2–3. Sorenson, however, fails to establish any "extraordinary circumstance" to justify equitable tolling. *Spitsyn*, 345 F.3d at 799. In *Spitsyn*, the petitioner's counsel did nothing for the entire year he had to file the petition and then, when petitioner fired the attorney for inactivity, the attorney failed to return the petitioner's criminal file for another few months while the period of limitations expired. *Id.* at 798–99. Here, Sorenson's attorney relied on the advice of a colleague regarding an unresolved issue of Washington law. When that advice was ultimately proven wrong, the time to file the petition had expired. Regardless of whether this is a violation of *Strickland*, it is not the type of extraordinary circumstance set forth in *Spitsyn* or other authorities allowing equitable tolling. Therefore, the Court adopts the R&R on this issue.

Third, Sorenson objects to the R&R's denial of his request for an actual innocence exception. Dkt. 60 at 4–11, 15–16. The problem, however, is that Sorenson conflates the concept of not guilty with actually innocent. Sorenson presents arguments based on insufficient evidence and attacks the credibility of the witnesses against him. These arguments fail to meet the threshold requirement for an actual innocence exception. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency."); *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) ("Given the rarity of such [relevant] evidence, in virtually every case, the allegation of actual innocence has been summarily rejected.") (internal citations and quotations omitted). Therefore, the Court adopts the R&R on this issue.[1]

Finally, Sorenson argues that despite the time-barred petition he is entitled to bring his ineffective assistance of trial counsel claim under *Martinez v. Ryan*, 566 U.S. 1, 7 (2012). The State argues, and the Court agrees, that *Martinez* created an extremely narrow exception for procedurally defaulted claims that has never been expanded to time-barred claims. Dkt. 65 at 8–10. For example, in *Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014) the court stated that "the *Martinez* rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's

---

[1] It should be noted that Sorenson makes a brief argument that he was convicted of a crime when the prosecutor specifically told the jury not to convict him of that "incident." Dkt. 60 at 4. While Sorenson cites the prosecutor's closing argument, he fails to establish that the jury based any guilty verdict on the alleged incident the prosecutor was referring to during closing. Therefore, he fails to meet his burden to establish actual innocence of a specific conviction.

statute of limitations or the tolling of that period." Therefore, the Court having considered the R&R, Sorenson's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Sorenson's Petition is **DISMISSED** as time-barred;

(3) A Certificate of Appealability is **DENIED**; and

(4) The Clerk shall enter a JUDGMENT and close the case.

Dated this 6th day of May, 2020.

BENJAMIN H. SETTLE
United States District Judge